IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02503-PAB-TPO

BRIANNA LEIGH BELL,

    Plaintiff,

v.

PATRICK DALE TOOLEY and
DILL DILL CARR STONBRAKER & HUTCHINGS, P.C.,

    Defendants.

## SCHEDULING ORDER

### 1. DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A Scheduling Conference was held on February 18, 2025, at 11:30 a.m. before U.S. Magistrate Judge Timothy P. O'Hara in Courtroom C-402, on the fourth floor of Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

| | |
|---|---|
| **David M. Brandon, Esq.** (by phone) | Attorney for the Plaintiff, Brianna Leigh Bell. |
| **Jason D. Melichar, Esq.** (in-person) | Attorney for Patrick Dale Tooley and Dill Dill Carr Stonbraker & Hutchings, P.C. |

### 2. STATEMENT OF JURISDICTION

Diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff, Brianna Leigh Bell has her domicile in California and Defendants, Patrick Dale Tooley and Dill Dill Carr Stonbraker & Hutchings, PC have their domicile in Colorado. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

1

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. Plaintiff

Plaintiff maintains Defendants represented Plaintiff as her attorneys in a case which was tried in U.S. District Court in Colorado and that they committed legal malpractice by failing to call a single expert witness to testify at trial to establish damages. At trial Plaintiff won a $1.38 million dollar verdict which was reversed by the Court of Appeal for failure to call an expert witness to testify at trial.

### b. Defendant

In or around July 2017, Plaintiff entered into a Confidential Litigation Retainer Agreement ("Retainer Agreement") and retained a Minnesota law firm, SchaeferHalleen, LLC ("SHL") to represent Plaintiff on a contingent fee basis as to "all legal issues relating to the resolution of [Bell's] claims against Sorin CRM USA, Inc." ("Sorin"). Plaintiff authorized SHL to take all action it deemed "necessary or advisable on [Bell's] behalf, including retention of local counsel as necessary." The Retainer Agreement is governed by Minnesota law.

In or around July 2017, on Plaintiff's behalf, SHL entered into a Co-Counsel Agreement with the Colorado Defendants, which is also governed by Minnesota law. Under the Co-Counsel Agreement, SHL was "primarily responsible for representation of Plaintiff," while the Colorado Defendants' role was to serve as local counsel. Under the Co-Counsel Agreement, costs of litigation were "borne solely by SHL" and SHL was responsible for paying the Colorado Defendants on an hourly basis.

Colorado Defendants were not requested to participate in the trial [against Sorin] in any respect, nor did they, including the selection of evidence to be presented. The Colorado Defendants also were not involved in and did not enter an appearance on behalf of [Plaintiff] in the Bell appeal.

2

The Colorado Defendants neither owed nor breached any duties to Plaintiff related to the trial or appeal. The Co-Counsel Agreement governed the scope of Colorado Defendants' duties to Plaintiff. Whether under Colorado law or Minnesota law, the Colorado Defendants met the standard of care governing their representation of Plaintiff under the Co-Counsel Agreement.

Plaintiff does not dispute that the Colorado Defendants did not engage in any of the conduct alleged in the Complaint upon which she premises her legal malpractice claim. Instead, Plaintiff asserts that the Colorado Defendants are jointly and severally liable for SHL's alleged malpractice under a joint venture theory of liability. As a matter of law, SHL and the Colorado Defendants did not enter into a joint venture agreement, and the Colorado Defendants are not liable for SHL's alleged malpractice.

Plaintiff has failed to state a cognizable claim against the Colorado Defendants, and thus her Complaint against them must be dismissed under Fed.R.Civ.P. 12(b)(6). Further, Plaintiff's claim against the Colorado Defendants lacks substantial justification and is being pursued in violation of Fed. R. Civ. P. 11. The Colorado Defendants reserve the right to assert additional affirmative defenses, if necessary, upon the resolution of their motion to dismiss.

**4. UNDISPUTED FACTS**

The following facts are undisputed:

1. On or around July 2017, Plaintiff entered into the Retainer Agreement with SHL to represent Plaintiff as to "all legal issues relating to the resolution of [Bell's] claims against Sorin CRM USA, Inc." ("Sorin").

2. Under the Retention Agreement, Plaintiff agreed to pay SHL "40% of any amount of [Plaintiff's] settlement, recovery, or judgment, after expenses are deducted."

3

3. In the Retention Agreement, Plaintiff authorized SHL to take all action it deemed "necessary or advisable on [Bell's] behalf, including retention of local counsel as necessary."

4. In or around July 2017, on Plaintiff's behalf, SHL entered into a Co-Counsel Agreement with the Colorado Defendants, under which the Colorado Defendants agreed to serve as local counsel, with SHL being "primarily responsible for representation of Plaintiff."

5. Under the Co-Counsel Agreement, costs of litigation were "borne solely by SHL," and SHL agreed to pay the Colorado Defendants on an hourly basis.

6. The Colorado Defendants are not parties to the Retention Agreement and had no obligation to pay expenses or the right to share in any recovery or settlement obtained by SHL on behalf of Plaintiff.

7. SHL did not call an expert witness at trial to support Plaintiff's claim for damages.

8. Plaintiff won a $1.38 million verdict which was tried in U.S. District Court in Colorado.

9. Sorin appealed Plaintiff's $1.38 million verdict.

10. The Colorado Defendants were not involved in and did not enter an appearance on behalf of Plaintiff in the Bell appeal.

11. The Tenth Circuit Court of Appeals reversed the $1.38 million verdict, ruling that under governing Delaware law, Plaintiff was required to present expert witness testimony to support her claim of damages.

### 5. COMPUTATION OF DAMAGES

a. **Plaintiff**

$1.38 million in damages, plus sum certain interest. Plaintiff reserves the right to argue that she would have won $5 million or more had Defendants called an expert witness to testify because that was her true damages.

b. **Defendants**

Defendants are not seeking damages at this time, but reserve the right to seek their costs, expenses, and attorney's fees to the fullest extent allowed by law, including without limitation under C.R.S. § 13-17-102 and Fed. R. Civ. P. 11.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on February 17, 2025.

b. **Names of each participant and party he/she represented.**

| | |
|---|---|
| David M. Brandon, Esq. | Attorney for the Plaintiff, Brianna Leigh Bell. |
| Jason D. Melichar, Esq. | Attorney for Patrick Dale Tooley and Dill Dill Carr Stonbraker & Hutchings, P.C. |

c. **Statement of when Rule 26(a)(1) disclosures were made or will be made.**

Disclosures have not been made let because there is a Motion to Dismiss pending.

Plaintiff can make the disclosures on April 1, 2025.

Defendants propose exchanging Rule 26(a)(1) disclosures on April 1, 2025.

**Court: The Parties shall make their Rule 26(a)(1) disclosures on or before March 15, 2025.**

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

See above.

5

**e.  Statement concerning any agreements to conduct informal discovery.**

The parties are amenable to participating in informal discovery.

**f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

None at this time.

**g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not believe so.

**h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

Until Defendant's Motion to Dismiss is ruled on, settlement discussion are premature.

**Court: A brief discussion was held regarding potential settlement. Once the pending Motion to Dismiss has been ruled upon, the Parties may file a joint motion requesting a settlement conference with this Court if appropriate.**

## 7.  CONSENT

All parties do not consent to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

None.

**b.  Limitations which any party proposes on the length of depositions.**

None by the Plaintiff.

Defendants propose a limit of six (6) hours.

**Court: Depositions shall be limited in duration to six (6) hours.**

**c.  Limitations which any party proposes on the number of requests for production and/or requests for admission.**

None.

6

d.  **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

July 1, 2025.

e.  **Other Planning or Discovery Orders**

None at this time.

### 9.  CASE PLAN AND SCHEDULE

a.  **Deadline for Joinder of Parties and Amendment of Pleadings**

July 1, 2025.

b.   **Discovery Cutoff:**

October 1, 2025.

c.  **Dispositive Motion and Rule 702 Deadline:**

November 1, 2025

d.  **Deadline for Motions to Exclude Expert Testimony Pursuant to Fed. R. Evid. 702:**

November 15, 2025.

e.  **Expert Witness Disclosure:**

1.  **The parties shall identify anticipated fields of expert testimony, if any.**

    June 1, 2025

    Plaintiff and Defendants anticipate retaining a liability expert with respect to

    attorney standard of care and any experts necessary for rebuttal.

2.  **Limitations which the parties propose on the use or number of expert witnesses.**

    None by Plaintiff.

    Defendants propose a limit of two (2) retained experts per side.

    **Court: The Parties shall each be limited to four (4) retained experts per**

    **side.**

3.  **The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ.**

7

      P. 26(a)(2) on or before

September 1, 2025.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before

October 1, 2025.

f. **Identification of Persons to Be Deposed:**

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Plaintiff | TBD |
| Defendant, Patrick Dale Tooley | 4-6 hours |
| PMK for Defendant, Dill Dill Carr Stonebraker Hutchings, P.C. | 4 hours |
| Third Party Witness—Lawrence Schaefer | 4-6 hours |
| Third Party Witness—Bert Black | 4 hours |
| Third Party Witness—Lauren Allison D'Cruz | 3 hours |
| Doctors who were deposed, testified or have knowledge of the underlying case | 4 hours |

g. **The Parties shall follow the procedure set out at Section VI of the Magistrate Judges' Uniform Civil Practice Standards (D.C.COLO.MJ). Rather than file a motion about a discovery dispute, the Parties first shall confer about the matter. If the Parties are unable to resolve the dispute on their own, then the Party seeking relief shall request a Discovery Conference with the Court by sending an email, copied to all Parties, to *o'hara_chambers@cod.uscourts.gov*. The Court will issue an order to schedule the Discovery Conference and to provide the Parties with instructions on how to proceed. The Court will determine at the conference whether to grant leave to file a motion. As permitted by D.C.COLO.MJ § VI, a motion may be filed without the prerequisite**

8

**discovery conference for discovery that concerns a third party.**

**The Court requires that all conferral attempts be meaningful. A meaningful conferral is one done personally such as face-to-face, in a video conference, or over the telephone.** *See* **D.C.COLO.MJ, § VI(2);** *see also Bautista v. MVT Services, LLC*, **No. 16-cv-01086-NYW, 2017 WL 2082925, *4 (D. Colo. Mar. 20, 2017). A meaningful conferral also is one that occurs in a reasonable timeframe before any relevant deadline.**

### 10.  DATES FOR FURTHER CONFERENCES

**The Final Pretrial Conference will take place on January 15, 2026, at 11:00 a.m. in Courtroom C-402 on the fourth floor of the Byron G. Rogers United States Courthouse located at 1929 Stout Street, Denver, Colorado. This is an in-person proceeding. Five business days before the Conference, the Parties shall (1) file a joint proposed Final Pretrial Order and (2) jointly e-mail an editable copy in Word format of the proposed Final Pretrial Order, including any attachments, to Chambers at** *o'hara_chambers@cod.uscourts.gov*. **The Parties shall prepare the proposed Final Pretrial Order in accordance with the form that may be downloaded from the Forms section of the Court's website, www.cod.uscourts.gov.**

### 11.  OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None to Plaintiff's knowledge.

9

    b.  **Anticipated length of trial and whether trial is to the court or jury.**

Jury trial.   5-7 days.

**Court: For any trials anticipated to last longer than 5 days, the Parties should be prepared to justify the length.** *See* **§ IV(C) of Chief Judge Philip A. Brimmer's <u>Practice Standards</u> (Civil cases).**

    c.  **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None by Plaintiff.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at Denver, Colorado, this 20th day of February, 2025.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge