IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02503-PAB-TPO

BRIANNA LEIGH BELL,

    Plaintiff,

v.

PATRICK DALE TOOLEY,
DILL DILL CARR STONBRAKER & HUTCHINGS, PC, a Colorado professional corporation, and
DOES 1-20

    Defendants.

## ORDER

This matter comes before the Court on the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 26], filed by defendants Patrick Dale Tooley and Dill Dill Carr Stonbraker & Hutchings, P.C. (the "Denver defendants"). The Denver defendants seek to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff Brianna Leigh Bell's claim against them for legal malpractice. *See* Docket No. 26 at 1-2. Ms. Bell filed a response. Docket No. 32. The Denver defendants filed a reply. Docket No. 35. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND[1]

On or before July 26, 2017, Ms. Bell retained Lawrence Philip Schaefer, Lauren Allison D'Cruz, Bert Black, and their law firm, Schaefer Halleen LLC, as well as Patrick Dale Tooley and his law firm, Dill Dill Carr Stonbraker & Hutchings, P.C., to represent her in an action against her former employer, Sorin CRM USA, Inc. ("Sorin"). Docket No. 1 at 3, ¶ 11.[2] The defendants filed suit on Ms. Bell's behalf in "Colorado district court" against Sorin on various theories of liability, including fraudulent inducement. *Id.*, ¶ 12. Sorin removed the case to the United States District Court for the District of Colorado, where the case was numbered 17-cv-01807-RM-STV. *Id.*, ¶ 13.

The case was tried to a jury on or about October 21, 2019. *Id.*, ¶ 14. The parties put on witnesses and evidence in their respective cases-in-chief. *Id.* at 4, ¶ 15. On October 25, 2019, the jury returned a verdict in favor of Ms. Bell and awarded her $1,380,000 in damages against Sorin. *Id.*, ¶ 16. The judge entered judgment in favor of Ms. Bell. *Id.*, ¶ 17. On October 23, 2020, Sorin appealed the judgment to the United States Court of Appeals for the Tenth Circuit, arguing that there was insufficient evidence of Ms. Bell's damages to support the judgment. *Id.*, ¶ 18. On October 28, 2020, Ms. Bell filed a cross-appeal asserting that she was entitled to additional damages for her lost opportunity to work as a sales representative for Sorin. *Id.*, ¶ 19. On September 15, 2022, the Tenth Circuit reversed the district court and remanded the

---

[1] The facts below are taken from plaintiff's complaint, Docket No. 1, and are presumed to be true, unless otherwise noted, for purposes of ruling on defendants' motion to dismiss.

[2] Mr. Schaefer, Ms. D'Cruz, Mr. Black, and Schaefer Halleen LLC will be collectively referred to as the "Minnesota defendants." The Minnesota defendants have all been dismissed from this case. *See* Docket No. 29 at 1. The term "defendants," without a geographic modifier, will refer to both the Minnesota and the Denver defendants.

case to the district court to enter judgment in favor of Sorin. *Id.*, ¶ 21. The Tenth Circuit denied a petition for rehearing, *id.* at 5, ¶ 22, and the trial court entered an amended final judgment in favor of Sorin. *Id.*, ¶ 23. The defendants did not timely file a petition for a writ of certiorari with the United States Supreme Court. *Id.*, ¶¶ 25-26.

Ms. Bell alleges that the defendants made various errors while prosecuting her case, including "[f]ailing to conduct necessary discovery to include depositions of lay, percipient and expert witnesses," "[f]ailing to communicate with Plaintiff," "[f]ailing to confer with Plaintiff regarding tactics and strategies for trial," "[f]ailing to conduct trial and trial preparation within the standard of care in the legal community," "[f]ailing to employ, retain and call expert witnesses for trial, which the Court of Appeal found that the '. . . law consistently holds that economic and financial damages require expert testimony,'" "[f]ailing to present evidence to support the Plaintiff's burden of proof as to liability and damages," and "[f]ailing to use trial technology to enhance the presentation of the case in chief including for liability and damages." *Id.* at 6, ¶ 29. Ms. Bell alleges that, had the defendants not made those mistakes, or had they asked the Tenth Circuit for a new trial on the issue of damages, Ms. Bell would have won the case. *Id.* at 7, ¶ 30. As a result of the defendants' failures, Ms. Bell suffered damages of $1,380,000. *Id.*, ¶ 31.

II. **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the

facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  A court, however, does not need to accept conclusory allegations.  *See, e.g., Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("we are not bound by conclusory allegations, unwarranted inferences, or legal conclusions").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### III. ANALYSIS

The Denver defendants argue that Ms. Bell's claim should be dismissed for two reasons.  Docket No. 26 at 4-7.  First, the Denver defendants argue that they were not

involved in either the trial or the appeal and, as a result, they owed no duty of care to Ms. Bell. *Id.* at 7-9.  Second, the Denver defendants argue that Ms. Bell has failed to plead a plausible malpractice claim because she has failed to adequately allege two elements: breach of duty and proximate causation. *Id.* at 4-7.  The Court will address these arguments in turn.

### A. Participation in the Trial and Appeal

The Denver defendants argue that they did not owe Ms. Bell a duty of care regarding the conduct of her trial and appeal because the Denver defendants were not involved in either proceeding. *Id.* at 7.[3]  The Denver defendants' argument relies on court documents from the case in which the alleged malpractice occurred.  The Denver defendants ask the Court to consider these materials as part of their motion to dismiss. *Id.* at 6-7.  Specifically, the Denver defendants ask the Court to take judicial notice of court records showing that the Denver defendants did not sign any pre-trial motions, appear at hearings or trials, or appear as counsel of record during the appeal. *Id.*  None of these materials cited by the Denver defendants are referenced in Ms. Bell's complaint.

Generally, a court should not consider evidence beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).  If the court considers matters outside the complaint, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

---

[3] While the Denver defendants disclaim participating in the trial and appeal, they are silent as to many of the other allegations in the complaint regarding alleged failures to conduct adequate discovery, to retain necessary witnesses, to prepare for trial, to communicate with Ms. Bell, and to confer with Ms. Bell regarding trial tactics and strategies.  *See* Docket No. 1 at 5-7, ¶ 29.

However, the Tenth Circuit has recognized a "limited exception" to this rule: the "district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Waller*, 932 F.3d at 1282 (citation omitted); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (recognizing that, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss"). However, a court has "broad discretion in determining whether or not to accept materials beyond the pleadings." *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998). When a court takes judicial notice of documents, it may do so only to "show their contents, not to prove the truth of the matters asserted therein." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (citation omitted).

      The Court will not take judicial notice of these documents.[4] The Denver defendants seek to use the documents to prove facts, namely, their non-appearance or non-participation in the trial and other proceedings, which makes taking judicial notice of the documents as part of the motion to dismiss inappropriate. *See id.*

---

[4] The Denver defendants also ask the Court to consider agreements between the Minnesota defendants and Ms. Bell and between the Minnesota defendants and the Denver defendants. Docket No. 26 at 5; Docket No. 35 at 2, 5. The Court will not consider these documents because they are not attached or referenced in the complaint and do not appear to be central to Ms. Bell's claim. Moreover, the Court will not consider the agreement between the Minnesota and Denver defendants in part because the Denver defendants attached that document for the first time to their reply. *See Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016).

### B. Breach of Duty and Proximate Cause

The Denver defendants argue that Ms. Bell's complaint should be dismissed for failing to plead sufficient facts to state a plausible claim for legal malpractice. Docket No. 26 at 4-9.

First, the Denver defendants argue that Ms. Bell has failed to make any specific allegations of wrongdoing by them. *Id.* at 5. Under Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must make clear who is alleged to have done what to whom. *Jones v. Golden*, 2025 WL 1903285, at *1 (10th Cir. July 10, 2025) (citing *Robbins v. Oklahoma, ex rel., Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008)). The question, then, is whether Ms. Bell's complaint, which alleges a variety of failures that she claims all the defendants were responsible for, *see* Docket No. 1 at 5-7, ¶ 29, has failed to be sufficiently specific about which defendants did what.

In some circumstances, courts have found individualized allegations to be necessary, especially when the defendants occupy different positions and would face different theories of liability. *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011); *Robbins*, 519 F.3d at 1250. In *Brown*, the plaintiff was suing a variety of officials, including his probation officer and the New Mexico Secretary of Corrections, regarding whether the plaintiff was required to register as a sex offender. 662 F.3d at 1157. The Tenth Circuit, in dismissing the claim against the secretary, held that:

> It is not enough for the Complaint to lump the four named defendants and presumably the 1–50 John Does into the collective term "Defendants" and allege that they directed Mr. Brown to register and serve probation as a sex offender. . . . The need for individualized allegations is especially important where, as here, "each of the defendants had different powers and duties."

7

*Id.* at 1165.  In *Robbins*, the plaintiffs' child had died of an injury suffered at a government-subsidized daycare.  519 F.3d at 1245-46.  The plaintiffs sued various officials, including the Oklahoma Department of Human Services, the director of the department, and two local social workers employed by the department.  *Id.* at 1250.  In dismissing the plaintiffs' collective allegations against "Defendants," the Court explained that the plaintiffs had the burden to provide "fair notice of the grounds for the claims made against each of the defendants," and that without such allegations, "it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."  *Id.*  The court noted that "[p]resumably, the allegedly tortious acts committed by . . . the Director of DHS . . . and the individual social workers . . . are entirely different in character and therefore are mistakenly grouped in a single allegation."  *Id.*

On the other hand, a collective allegation against a group of defendants is permissible when alleged actions are similar in character and made against a specific group of similarly situated defendants.  *Dawson v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, No. 16-cv-01281-MEH, 2017 WL 5188341, at *11 (D. Colo. Jan. 3, 2017), *aff'd*, 732 F. App'x 624 (10th Cir. 2018) (unpublished).  In *Dawson*, the plaintiff sued various government agencies and officials, as well as eight employees of a local justice system's pretrial services office.  *Id.* at *1.  The plaintiff's complaint involved allegations that the pretrial services office failed to release him on bond in a timely manner.  *Id.* at *1-2.  The pretrial services employees moved to dismiss the complaint based, in part, on the argument that the plaintiff had made only collective allegations against the eight employees.  *Id.* at *10-11.  The court rejected that argument, finding that:

8

> Although the Complaint refers collectively to the "Pretrial Staff" or "Pretrial Defendants," the Court does not find these allegations to be insufficiently specific.  In *Robbins*, the Tenth Circuit held that the collective term "defendants" was insufficiently specific, because "the alleged tortious acts committed by" the different defendants were likely "entirely different in character. . . ."  519 F.3d at 1250.  Here, in contrast, the alleged unconstitutional acts taken by each of the Pretrial Employees were not different in character.  Instead, Plaintiff alleges the Pretrial Employees all failed to take one specific act – process Plaintiff's release from custody.  Because the Pretrial Employees are a specific group of similar employees, the Court finds Plaintiff's allegations against the Pretrial Employees are sufficient to put each of them on notice of the claims against him or her.

*Id.* at *11.

The Court finds that the circumstances of Ms. Bell's complaint are more akin to those of *Dawson*.  She lodges her allegations against a small number of attorneys, all of whom were engaged to represent her in the same case.  It is not implausible that each of these attorneys had similar involvement regarding the same alleged instances of malpractice.  Thus, the Court finds Ms. Bell's collective allegations of malpractice against the defendants to be permissible.

The Denver defendants also argue that the complaint fails to allege sufficient facts to support each of the elements of a legal malpractice claim.  Docket No. 26 at 8-9.  Under Colorado law, a legal malpractice claim has three elements: 1) an attorney owes a duty of care to a client, 2) the attorney breaches that duty, and 3) the breach of the duty proximately causes damage to the client. *Hopp & Flesch, LLC v. Backstreet*, 123 P.3d 1176, 1183 (Colo. 2005).  Included within the proximate cause element is the requirement that the plaintiff prove the "case within a case," showing that the claim underlying the malpractice action would have been successful "but for" the malpractice. *Gibbons v. Ludlow*, 304 P.3d 239, 245 (Colo. 2013).  In malpractice actions, Colorado law also requires that the plaintiff provide a "certificate of review," in which the plaintiff's

9

attorney states that he or she "'has consulted a person who has expertise in the area of the alleged negligent conduct' and that the professional consulted 'has reviewed the known facts [and] has concluded that the filing of the claim . . . does not lack substantial justification.'" *Herrera v. Zavares*, No. 09-cv-01229-MSK-KLM, 2010 WL 3853312, at *9 (D. Colo. Sept. 28, 2010) (quoting Colo. Rev. Stat. § 13-20-602(3)(a)(II)).  Ms. Bell has filed a certificate of review.  Docket No. 19.

The Court finds that Ms. Bell has sufficiently alleged the first element of the malpractice claim: duty of care.  Ms. Bell alleges that the Denver defendants were engaged to represent Ms. Bell in her lawsuit, *see* Docket No. 1 at 3, ¶¶ 11-12, and that the Denver defendants committed malpractice while serving as her attorneys.  *Id.* at 5-7, ¶¶ 28-29.  Under Colorado law, an attorney owes a duty of care to his or her client.  *Allen v. Steele*, 252 P.3d 476, 485 (Colo. 2011) ("The distinction between a client and a prospective client is fundamental to Colorado law.  In Colorado, attorneys do not owe a duty of reasonable care to non-clients.").  The Court therefore rejects the Denver defendants' argument that Ms. Bell's claim fails because they owed her no duty.

The Court also finds that Ms. Bell has sufficiently alleged the second and third elements of the malpractice claim: a breach of duty that led to the failure of what would otherwise have been a successful case.  The Denver defendants may be correct that some of Ms. Bell's allegations, such as the assertion of "[f]ailing to conduct trial and trial preparation within the standard of care," Docket No. 1 at 6, ¶ 29, are so broad and so general that they could be considered conclusory allegations.  But the Denver defendants' motion to dismiss does not address other allegations in the complaint, such as the claim that the "defendants" – a term which Ms. Bell defines as including the

10

Denver defendants – failed to "employ, retain, and call expert witnesses for trial," even though the law requires expert testimony to support economic and financial damages. *Id.* The Court finds that an allegation that an attorney failed to identify and introduce legally required evidence, and that the failure resulted in the reversal of a favorable jury verdict, sufficiently states a claim for malpractice. *See People v. Danley*, 758 P.2d 686, 688 (Colo. App. 1988) ("Counsel's failure to investigate the availability of expert testimony, combined with his failure to discuss with defendant the virtual necessity for obtaining the same, constitutes, in our view, ineffective assistance of counsel.").[5]

       The Court finds therefore that Ms. Bell's allegations, accepted as true, can support a claim of legal malpractice. The Court also finds these allegations to be sufficiently detailed as to give the Denver defendants fair notice as to the nature of Ms. Bell's complaint. *See Erickson*, 551 U.S. at 93. The Court thus rejects the Denver defendants' argument that Ms. Bell has failed to state a claim for malpractice and will deny the motion to dismiss.

---

[5] While *Danley* involved an ineffective-assistance-of-counsel claim in a postconviction proceeding, the Colorado Supreme Court has held that the standard for breach in a legal malpractice suit is the same as the standard for a constitutionally deficient performance in a criminal case. *See Rantz v. Kaufman*, 109 P.3d 132, 139 (Colo. 2005).

## IV. CONCLUSION

It is therefore

**ORDERED** that the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 26] is **DENIED**.

DATED September 11, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge